UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

UNITED STATES OF AMERICA

VERSUS

JEREMIAH MICAH DEARE

CRIMINAL ACTION

NO.  6:21-CR-00212-JDC-KK-1

**MEMORANDUM IN SUPPORT OF
<u>MOTION TO DISMISS COUNT FOR VAGUENESS</u>**

MAY IT PLEASE THE COURT:

1. **Background**

The charges in the indictment require the application of the term "dealer" as defined in the federal statute prohibiting dealing of firearms without a license. 18 U.S.C922(a)(1).  Within that statute, the term "dealer" is defined and properly quoted in paragraph 11 of the indictment.  A person is a "dealer" if, in essence, they are engaged in the business of selling firearms for wholesale or retail. Paragraph 13 of the indictment provides the definition for the phrase" engaged in the business".  A person is engaged in the business if their principal objective is profit.  Exchanges to develop a personal collection are not prohibited.

2. **Law and application to our case**

The Fifth Amendment's Due Process Clause protects against criminal convictions based on impermissibly vague statutes, and due process is violated if the particular statute fails to provide a person of ordinary intelligence fair notice of what is prohibited, or it authorizes or encourages seriously discriminatory enforcement.  *United States v. McRae*, 702 F.3d 806, 836-37 (5th Cir. 2012).

In this case, the government alleges that Mr. Deare was unlawfully acting as a firearms dealer when he was attending gun shows.  Mr. Deare contends he attended in his individual capacity and not as a representative of Dave's Gun Shop, a business entity through which he is a licensed firearms dealer.  The definitions in question create a level of ambiguity in precisely locating the border between an unlicensed dealer that unlawfully engages in firearms sales and an unlicensed hobbyist who engages in periodic sales.  Some people can have extensive collections of hundreds of guns while others only a few.  Some people can churn through their collection, while others buy and hold.  In this regard, hobbyists are a lot like investors.  The law provides no guidance on the number of transactions that brings one over the line from the hobbyist to the dealer.  It attempts to qualify the terms by requiring profit as the principal motive. What if profit is a secondary motive?  What is the sale of a gun provides you with the capital to purchase another?  The law simply does not provide sufficient guidance for an ordinary person to know whether they are breaking the law when the routinely buy and sell from their personal collection.  As such, the indictment should be quashed.

WHEREFORE, we respectfully urge dismissal of the Indictment.

Respectfully Submitted:

**MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.**

s/ André Bélanger
ANDRÉ BÉLANGER
Louisiana Bar No.  26797
Attorney for Defendant
8075 Jefferson Hwy.
Baton Rouge, LA 70809
(225) 383-9703 (Telephone)
(225) 383-9704 (Facsimile)
Email: andre@manassehandgill.com

2

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| | **NO.  6:21-CR-00212-JDC-KK-1** |
| **JEREMIAH MICAH DEARE** | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing Memorandum in Support of Motion to Dismiss Count  for Vagueness with the Clerk of Court by using the CM/ECF which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

Baton Rouge, Louisiana this 30th day of June, 2023.

                                                                s/ André Belanger
                                                                ANDRÉ BÉLANGER

3