UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 6:21-CR-00212** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE CAIN** |
| **JEREMIAH MICAH DEARE (01)** | * | |
| **SARAH ELAINE FOGLE (02)** | * | |
| **DAVE'S GUNSHOP, LLC (03)** | * | **MAGISTRATE JUDGE KAY** |

**UNITED STATES' CONSOLODATED OPPOSITION TO DEFENDANTS'
MOTIONS TO DISMISS COUNT 1 FOR VAGUENESS (Record Docs. 84 & 86)**

NOW INTO COURT, comes the UNITED STATES OF AMERICA, who respectfully submits the following consolidated opposition to the defendants' motion to dismiss Count 1 due to vagueness:

**FACTS AND PROCEDURAL HISTORY**

On August 18, 2021, defendants Jeremiah Micah Deare (Hereinafter "Deare"), Sarah Elaine Fogle (Hereinafter "Fogle") and Dave's Gun shop, a Louisiana Limited Liability Company, were indicted on various firearms violations by a grand jury sitting in the Western District of Louisiana. Count 1, the most relevant firearm violation to the defendants' pending motions to dismiss for vagueness, alleges that Deare and Fogle engaged in a conspiracy to circumvent federal firearm laws by engaging in the business of selling firearms without abiding by any of the statutory requirements. Rec. Doc. 1, pp. 1-12. On June 30, 2023, both Deare and Fogle filed motions to dismiss Count 1, alleging that the definitions set forth by Congress are unconstitutionally vague. *See* Record Docs 84, 84-1, 86, 86-1.

The United States files this opposition as a consolidated response to Record Documents 84 and 86. The defendants are correct, the primary issue in Count 1, and the entire case that will be presented to the jury, is whether Deare and Fogle engaged in the business of selling firearms when they attended numerous gun shows in multiple states, and sold and attempted to sell hundreds of firearms. The definitions in question were placed in the indictment to provide notice to the defendants, and these definitions will likely be a part of the instructions provided to the jury to be used in deliberation.

In their motions, the defendants allege the definition of "dealer" and "engaged in the business," as well as other terms used within those definitions, are unconstitutionally vague. In his motion, Deare contends he attended these gun shows and sold firearms in his "individual capacity." *See* Rec. Doc 84-1, p. 2. Fogle claims these firearm laws and definitions did not give her enough notice of what conduct is prohibited, and that Congress used too many "unknown" and "ill-defined" terms. *See* Rec. Doc. 86-1, p. 6. As discussed in detail below, there are two standards by which a statute can be attacked for vagueness, either "facially," or "as applied." *United States v. Hicks*, 980 F.2d 963, 972 (5th Cir. 1992). Although it is not clearly delineated in their motion, Deare and Fogle appear to argue an "as applied" vagueness challenge. The United States disagrees, as have multiple federal courts when faced with similar challenges to these specific firearms definitions.

## LAW AND ANALYSIS

**Applicable Statutory Provisions**

The analysis begins with a plain reading of the statutory charging language and corresponding definitions. Within Count 1, the conspiracy count, the defendants are charged with a violation of Title 18, United States Code, Section 922(a)(1)(A), which provides:

> (a) It shall be unlawful—
>
> (1) for any person—
>
> (A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce…

18 U.S.C. § 922(a)(1)(A) (West 2021). Within this statutory scheme and charging language, Congress, as referenced in the pending indictment, defined the term "engage in the business," as it would have applied to offense conduct in question.[1] In order to provide clarity, Congress went further and defined the term "engaged in the business," with the enactment of Section 921(a)(21)(C), which, when pending in 2021, provided:

> 'Engaged in the business' means, as applied to a dealer in firearms, a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms. However, such term does not include a person who makes occasional sales, exchanges or purchases of

---

1 It is important to note, as referenced in FN 1 on p. 2 of Deare's Motion to Dismiss, Congress changed these definitions in 2022. However, the change came after the pending indictment, and they are inapplicable to the charged conduct. Therefore, the prior version of these definitions apply and will be analyzed within this motion.

> firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms.

18 U.S.C. § 921(a)(21)(C) (West 2021). While there are already numerous adjectives utilized by Congress to define this key term, Congress enacted another provision to define what it means to sell firearms "with the principal objective of livelihood and profit," and that provision further defines this phrase to mean that "the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection." 18 U.S.C. § 921(a)(22) (West 2021).

**Ordinary Meaning Requirement**

The United States Supreme Court held a statute is not unconstitutionally vague when it is "set out in terms that the ordinary person exercising ordinary common sense can sufficiently understand and comply with, without sacrifice to the public interest." *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973). Furthermore, an attack on a statutory provision is without merit when the defendant "has received fair warning of the criminality of his own conduct from the statute in question" and "to whose conduct a statute clearly applies." *Parker v. Levy*, 417 U.S. 733, 756, (1974).

In order to prevail on a constitutional challenge of vagueness to a criminal law enacted by Congress, the defendants must show the law runs afoul of the void-for-vagueness doctrine. *Kolender v. Lawson*, 461 U.S. 352, 357 (1983). This doctrine requires that a "penal statute define the criminal offense with sufficient definiteness

that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Id*. The definitions in question in the instant case, and definitions of key terms within those definitions, go far beyond most penal statutes in sufficiently defining what conduct an ordinary person could determine is prohibited, and what is not.

Congress prohibited the business of selling firearms without a license. The word "business" is a common word understood by most people. However, Congress further defines "engaged in the business" with adjectives about what type of time and energy would be involved, that it should be a regular course of trade, and further defines what the principal objective of that business should be. The definition separates objectives of a business from that of a personal collection or hobby in order to provide clarity and contrast of what is illegal, and what is not. Finally, further clarity is provided by Congress when it is mandated that the intent behind the sale of firearms should be one of "obtaining livelihood or pecuniary gain," again utilizing contrasting language that this prohibition does not apply to personal collections or hobbyist. If anything, these definitions, and further definitions of key terms, greatly assists the defendants in knowing what they could and could not do without a license.

**"Facially" versus "Applied" Standard**

In *United States v. Hicks*, the Fifth Circuit sets forth and analyzes two ways to challenge a statute as unconstitutionally vague. *Hicks*, 980 F.2d 963, 972 (5th Cir. 1992). In a "facial" challenge to a statute based on vagueness, the court must determine whether the law reaches a substantial amount of constitutionally

protected conduct. *Id*; *citing Village of Hoffman Estates v. Flipside*, 455 U.S. 494-95 (1982). This type of challenge can only be upheld if the statute is impermissibly vague in all of its applications. *Id*. The detailed language, definitions and adjectives used in the federal law in question clearly defines conduct that is prohibited. For example, selling, purchasing and reselling hundreds of firearms in a repetitive nature for profit to support a livelihood, without a license, is conduct and a scenario for which the law applies. Since these laws and definitions are not vague in all of its applications, the court should look to these laws "as applied" to Deare and Fogle's conduct. *Id*. at 972; *see also Parker*, 417 U.S. at 756. Conduct that fits the adjectives and descriptions utilized by Congress.

In their respective motions, the defendants pose several rhetorical questions in an attempt to create confusion over the terms "repetitive" or "occasional." Rec. Doc. 86-1, p. 4, ¶ 1. However, the evidence that will be presented at trial will not deal with "two" firearms, or "three" firearms, or "four" firearms, as suggested by the defendants, but the selling of hundreds of firearms, in multiple states, and at numerous gun shows. Just looking at the inventory on hand at the time of the search warrant, the defendants possessed over 240 firearms at their personal residence, many marked with price tags and ready to be sold at gun shows. Documents and witnesses reveal multiple large firearms acquisitions as alleged in the indictment, with substantial profits made in cash, checks, Paypal, Venmo and other forms of payment. *See United States v. McRae*, 702 F.3d 806, 837 (5th Cir. 2012) ("[a] person whose conduct is clearly proscribed by a statute cannot, however, complain that the

law is vague as applied to the conduct of others"); *see also United States v. Clark*, 582 F.3d 607, 614 (5Th Cir. 2009) (noting a list of ample evidence as to why Clark's conduct clearly violated the federal provision in question).

The United States maintains these definitions enacted by Congress provide more than enough detail for these defendants, and a jury, to separate lawful conduct from unlawful, and to determine what is meant by "livelihood" and "pecuniary gain," versus "hobby" or "personal collection." Here, not only did these sufficient definitions of "engaged in the business" clearly apply to Deare and Fogle at the time of their conduct, they were given thorough notice of exactly how their conduct violated these detailed provisions within a 54-page indictment that outlines numerous acquisitions, sales and firearm seizures.

**Provisions Not Unconstitutionally Vague "As Applied"**

The *McRae* case cited by Deare supports the same high burden, especially when considering the conduct of Deare and Fogle. Rec. Doc. 84-1, p. 1. In *U.S. v. McRae*, a completely different criminal provision was challenged for vagueness, and the Fifth Circuit held McRae did not clearly or obviously lack notice that his conduct was unlawful under the obstruction statute when he burned the body of a homicide victim. *United States v. McRae*, 702 F.3d 806, 837-38 (5th Cir. 2012). The Fifth Circuit analyzed McRae's criminal conduct and did not allow McRae to attack the statute on hypothetical scenarios of how the provisions may be considered unconstitutionally vague, as suggested with the rhetorical questions posed by Deare and Fogle. *Id*. at 838. Rather, the Court looked specifically to McRae's conduct and

the provisions of 18 U.S.C. § 1519 that were challenged for vagueness, and held McRae had sufficient notice his conduct was illegal. *Id*. Similarly, when reading the detailed definitions of "engaged in the business," and other defined terms, Deare and Fogle cannot successfully challenge these terms for vagueness when their numerous acquisitions of firearms in bulk quantities, the selling of hundreds of firearms in multiple states, and the ongoing and repetitive profits from these sales, clearly fits the prohibited conduct set forth by Congress.

Simply put, an ordinary person reading the three primary definitions in question would have enough information to know that the conduct described in detail in the indictment does not fall under the category of a "hobbyist" or "personal collector," but rather squarely falls within what is prohibited. Such conduct clearly fits within the over 100-word definition of what it means to be "engaged in the *business*" of selling firearms. It is said succinctly in *United States v. Powell*, that "straining to inject doubt as to the meaning of words where no doubt would be felt by the normal reader is not required by the 'void-for-vagueness' doctrine, and [the court should] not indulge in it." *United States v. Powell,* 423 U.S. 87, 93 (1975).

**Prior Rulings on "Engaged in the Business"**

Federal courts have reviewed and analyzed the same federal laws and definitions Deare and Fogle claim should be struck as unconstitutionally vague. These courts held that these exact statutory firearm provisions and definitions are not constitutionally vague, and that they do provide sufficient notice of defined illegal conduct. *See United States v. Alexander*, 834 Fed.App'x. 312, 316 (9th Cir. 2020)

8

(analyzing Section 921(a)(21)(C), the definition of "engaged in the business," and holding the provision is not void for vagueness, and that the use of the terms "business" and "dealing" are "well defined in the law."); *see also United States v. Hosford*, 82 F.Supp.3d 660, 671-72 (D. Md. January 5, 2015) (holding Section 921(a)(21)(C) is not unconstitutionally vague, as the statutes in question provide narrowing definitions of the terms "dealer" and "engaged in the business," and further recognizing that these definitions have the effect of narrowing the class of individuals whose conduct is illegal under the statute); *see also United States v. Shipley,* 546 Fed.Appx. 450, 456 (5th Cir. 2013) (reviewing all the relevant definitions under Section 924(a)(1)(A), 921(a)(21)(C) and (a)(22) and holding statutes were not vague as it related to Shipley's case, noting several Supreme Court cases which require a statute set out in ordinary terms that an ordinary person exercising ordinary common sense would know his conduct was illegal, and that the defendant must receive fair warning of his criminal conduct as it relates to the statute, and due to Shipley's repetitive sales in which the jury found met these definitions, his claim of statutory vagueness lacked merit).

## CONCLUSION

Therefore, the United States respectfully suggests the defendants' motions for dismissal of Count 1 for vagueness, as alleged by them in Record Documents 84, 84-1, 86 and 86-1, should be DENIED.

          Respectfully submitted,

          BRANDON B. BROWN
          United States Attorney

By:   *s/Myers P. Namie*
       MYERS P. NAMIE (LA Bar No. 29359)
       LAUREN L. GARDNER (LA Bar No. 30595)
       Assistant United States Attorneys
       800 Lafayette Street, Suite 2200
       Lafayette, LA 70501
       (337) 262-6618