UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 6:21-CR-00212-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JEREMIAH MICAH DEARE (01)** <br> **SARAH ELAINE FOGLE (02)** <br> **DAVE'S GUNSHOP, LLC (03)** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the Court is a "Motion to Dismiss Count for Vagueness" (Doc. 84) filed by counsel for Deare. Pursuant to the Court's Order, Defendant Sarah Fogle was permitted to adopt Deare's Motion. The Motions will be considered together because both Motions require the same analysis and involve the same subject matter.[1]

## INTRODUCTION

Defendant Deare owned Dave's Gunshop, LLC ("Dave's). Deare and his wife, Co-Defendant, Sarah Fogle, and Dave's Gunshop, LLC were indicted in a seven-count indictment for making false statements with respect to licensed firearm dealer records, in violation of 18 U.S.C. § 922(b)(5) (Counts 2-3), failure to file sales records regarding the commercial sales of firearms, in violation of 18 U.S.C. § 923(g)(3) and § 922(m) (Counts 4-7), and conspiracy to engage in the business of dealing firearms without a license, in violation of 18 U.S.C. § 371 (Count 1).

---

[1] Doc. 105.

The Indictment states that Dear and Fogle often made off-book gun sales through record falsifications or the undocumented transfer of firearms to their unlicensed side business, which was run out of Deare's home. These transactions allowed Deare to avoid documenting and/or recording these sales on Dave's sales books, which in turn, avoided the payment of state and/or federal taxes and the effects of a judgment lien obtained by the shop's prior owner. Additionally, failing to properly record these sales and sidestepping rules regarding these sales transactions allowed Deare and Fogle to increase their profits by selling firearms to customers who would have failed the required background check.

## LAW AND ANALYSIS

Defendants argue that Count 1 of the Indictment must be dismissed because the definition of "dealer" found in 18 U.S.C. § 921(a)(11)(A) is unconstitutionally vague. The term "Dealer" includes "any person engaged in the business of selling firearms at wholesale or retail." *Id.*

Count 1 alleges that Deare and Fogle engaged in a conspiracy to circumvent federal firearm laws by engaging in the business of selling firearms without abiding by any of the statutory requirements.[2] Defendants argue that this definition creates a level of ambiguity in precisely locating the border between an unlicensed dealer that unlawfully engages in firearms sales and an unlicensed hobbyist who engages in periodic sales. Thus, Defendants

---

[2] Doc. 1, pp. 1-12.

maintain that the terms and definitions of "dealer" and "engaged in the business" are unconstitutionally vague.

Count 1 of the Indictment involves allegations that Deare and Fogle engaged in the business of selling firearms when they attended numerous gun shows in multiple states, and sold and attempted to sell hundreds of firearms. Deare contends that the guns sold at the abovementioned gun shows were sold in Deare's individual capacity. He argues that the vague terms and definitions of the law do not give enough notice of what conduct is prohibited.

Title 18, United States Code, Section 922(a)(1)(A) provides as follows:

(a) It shall be unlawful—

(1) for any person—

(A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce…

18 U.S.C. § 922(a)(1)(A) (West 2021).

The government argues that the definitions enacted by Congress provide more than enough detail for these Defendants, and a jury, to separate lawful conduct from unlawful, and to determine what is meant by "livelihood" and "pecuniary gain," versus "hobby" or "personal collection."

In *United States v. Hicks*, the Fifth Circuit sets forth and analyzes two ways to challenge a statute as unconstitutionally vague, *Hicks*, 980 F.2d 963, 972 (5th Cir. 1992)—facially and as applied to the facts of the case.

In a "facial" challenge to a statute based on vagueness, the court must determine whether the law reaches a substantial amount of constitutionally protected conduct. *Id*; *citing Village of Hoffman Estates v. Flipside*, 455 U.S. 494-95 (1982). A "facial" challenge based on vagueness can only be upheld if the statute is impermissibly vague in all of its applications.

The government remarks that the word "business" is a common word understood by most people, but that Congress further defines "engaged in the business", which separates objectives of a business from that of a personal collection or hobby in order to provide clarity and contrast of what is illegal, and what is not. In addition, Congress provided further clarity by its mandate that the intent behind the sale of firearms should be one of "obtaining livelihood or pecuniary gain," thus utilizing contrasting language that this prohibition does not apply to personal collections or hobbyists.

18 U.S.C. § 921(a)(21) provides that the term "engaged in the business" means—

> (C) as applied to a dealer in firearms, as defined in section 921(a)(11)(A), a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms, but such term shall not include a person who makes occasional sales, exchanges, or purchases of firearms for the enhancement of a personal collection or for a hobby, or who sells all or part of his personal collection of firearms;

18 U.S.C. § 921(a)(22) provides that the "term "to predominantly earn a profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection: . . . ."

18 U.S.C. § 921(a)(23) provides that the term "'with the principal objective of livelihood and profit' means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection;. . . ."

The Court finds that the definitions enacted by Congress provide ample detail for Defendants to have notice, and for the jury to separate lawful conduct from unlawful conduct. See *United States v. Alexander*, 834 Fed.App'x. 312, 316 (9th Cir. 2020) (analyzing Section 921(a)(21)(C), the definition of "engaged in the business," and holding the provision is not void for vagueness, and that the use of the terms "business" and "dealing" are "well defined in the law."); see also *United States v. Hosford*, 82 F.Supp.3d 660, 671-72 (D. Md. January 5, 2015) (holding Section 921(a)(21)(C) is not unconstitutionally vague, as the statutes in question provide narrowing definitions of the terms "dealer" and "engaged in the business," and further recognizing that these definitions have the effect of narrowing the class of individuals whose conduct is illegal under

the statute); see also *United States v. Shipley,* 546 Fed.Appx. 450, 456 (5th Cir. 2013) (reviewing all the relevant definitions under Section 924(a)(1)(A), 921(a)(21)(C) and (a)(22) and holding statutes were not vague as it related to Shipley's case, noting several Supreme Court cases which require a statute set out in ordinary terms that an ordinary person exercising ordinary common sense would know his conduct was illegal, and that the defendant must receive fair warning of his criminal conduct as it relates to the statute, and due to Shipley's repetitive sales in which the jury found met these definitions, his claim of statutory vagueness lacked merit). Thus, the Court finds that Defendant's vagueness challenges is without merit.

Similarly, and for the same reasons, the Court finds that Defendant's vagueness challenge cannot be attacked as applied to Count 1 of the indictment. Here, Defendants' conduct to be proven at trial includes the selling of hundreds of firearms, in multiple states, and at numerous gun shows. In addition, Defendants possessed over 240 firearms at their personal residence, many marked with prices tag, and ready to be sold at gun shows. The government intends to introduce documents and witnesses who will testify as to multiple firearm acquisitions with substantial profits made in cash, or by checks, Paypal, Venmo, etc. See *United States v. McRae*, 702 F.3d 806, 837 (5th Cir. 2012) ("[a] person whose conduct is clearly proscribed by a statute cannot, however, complain that the law is vague as applied to the conduct of others."); see also *United States v. Clark*, 582 F.3d 607, 614

(5th Cir. 2009) (noting a list of ample evidence as to why Clark's conduct clearly violated federal provision in question).

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' "Motion to Dismiss Count for Vagueness" (Doc. 84) filed by Deare and adopted by Fogle is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 25th day of July, 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE